**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT BROSCHART,<br><br>Plaintiff,<br><br>v.<br><br>HUSQVARNA AB *et al.*,<br><br>Defendants. | Civil Action No. 20-18795 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on Defendants Husqvarna Consumer Outdoor Products N.A., Inc. and Husqvarna Professional Products Inc.'s ("Defendants") Motion to Dismiss Plaintiff Robert Broschart's ("Broschart") Second Amended Complaint. (ECF No. 20.) Broschart opposed (ECF No. 22), and Defendants replied (ECF No. 23). Having considered the parties' submissions, the Court decides this matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Defendants' Motion.

**I. BACKGROUND**

  In this personal injury action, Broschart alleges that he injured himself while using a line trimmer manufactured by Defendants. (Second Am. Compl. ¶¶ 14, 28-29, ECF No. 18.) The underlying merits of the case are not relevant for Defendants' Motion. What are relevant are the complicated relationship between the various Husqvarna entities and the timeline of certain procedural events.

Start with the relationship between Husqvarna entities. Although the Court does not yet have the benefit of discovery, it can glean the following about the various corporate entities. Husqvarna AB is a Swedish parent company. (Tesch Certif. ¶ 7, ECF No. 7-1.) It does not distribute the line trimmers at issue in this litigation in the United States. (Husqvarna AB's Opp'n Br. to Mot. to Remand 11-12, ECF No. 7 ("[W]ithin the United States, Husqvarna AB . . . does not sell or distribute such products or equipment.").) Defendant Husqvarna Professional Products, Inc. is not the same as Husqvarna AB. (Tesch Certif. ¶ 8 (averring that Husqvarna AB and Husqvarna Professional Products, Inc. are "separate and distinct legal entities that pursue their own respective corporate purposes and adhere to corporate formalities").) To the contrary, it, along with Husqvarna Consumer Outdoor Products N.A., Inc., is an American subsidiary that is headquartered in Delaware and located in North Carolina. (*Id.* ¶¶ 3, 5.)

Turning to the timeline, the following dates and events are relevant:

- **September 28, 2018**: Broschart injures himself while using a line trimmer. (Second Am. Compl. ¶¶ 14, 26.)

- **November 4, 2020**: Broschart files his First Amended Complaint, which names, among others, "Husqvarna AB, also known as Husqvarna Professional Products, Inc." (*See* First Am. Compl. 1, ECF No. 1-1.)

- **November 6, 2020**: Broschart serves the First Amended Complaint on Robert Tesch ("Tesch"), a Vice President, Treasurer, and Chief Financial Officer ("CFO") of Defendants. (*See* Adornetto Certif. ¶ 6h, ECF No. 22-1.)

- **November 23, 2020**: The statute of limitations runs on Broschart's claim.

- **July 30, 2021**: The Court dismisses without prejudice Broschart's action and gives Broschart until August 16, 2021, to file an amended complaint.

- **August 16, 2021**: Broschart files the Second Amended Complaint against Defendants. (*See generally* Second Am. Compl.)

2

Putting it all together, the Court construes the following facts. Before the statute of limitations ran on Broschart's claims, he sued Husqvarna AB and incorrectly identified that entity as "Husqvarna Professional Products, Inc." Also before his claims ran, Broschart served the First Amended Complaint—which named Husqvarna AB but improperly named Husqvarna Professional Products, Inc.—on Tesch, the CFO of Defendants. After Broschart's claims ran, he sued Defendants. Defendants now seek to dismiss Broschart's actions as untimely; Broschart counters that his claims are timely based on his service of Tesch.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2)[1] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

(quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.  DISCUSSION

Before the Court is the question of whether the statute of limitations bars Broschart's claims against Defendants. Defendants assert that New Jersey's two-year statute of limitations for personal injury actions bars those claims. (*See* Defs.' Moving Br. 6, ECF No. 20-1 (citing N.J. Stat. Ann. § 2A:14-2 (West 2022)).) According to them, Broschart needed to sue them on or before November 23, 2020. (*Id.*)[2] The statute of limitations thus bars Broschart's claims because he did not name Defendants until August 16, 2021. (*Id.*)

Broschart counters that his claims against Defendants relate back to the First Amended Complaint that he filed within the limitations period. (*See* Pl.'s Opp'n Br. 7, ECF No. 22.) Although the First Amended Complaint did not name them, it alleged the same set of underlying facts and sued Husqvarna AB, the parent of Defendants. Relying on Rule 15(c)(1), Broschart argues that Defendants therefore knew about these claims—especially because Broschart served the First Amended Complaint on Tesch, an officer of Defendants. (*Id.* at 9-10.) Broschart further asserts that the Court should eschew a strict application of Rule 15 and that Defendants will face little prejudice in being named as defendants here. (*Id.* at 11-12.)

---

[2] Defendants add 55 days to the two-year period to account for the tolling caused by the COVID-19 pandemic. (Defs.' Moving Br. 6 (citing *Dusky v. BMW of N. Am., LLC*, No. 21-4981, 2021 WL 2310079, at *2 (D.N.J. June 7, 2021)).)

The Court must decide whether Broschart's Second Amended Complaint sufficiently relates back to Broschart's First Amended Complaint. Rule 15 governs relation back and provides, in pertinent part, as follows:

> (1) **When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> >
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Distilled down, the rule requires Broschart to make three showings: (1) the claim in the Second Amended Complaint must arise from the conduct in the First Amended Complaint; (2) within 90 days of the filing of the original complaint, Defendants received notice of the lawsuit and would not be prejudiced by defending it; and (3) Defendants knew that they would have been parties but for a mistake in identity. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003) (citing *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001)). The standard for these showings is not a hard one. Rule 15 embodies both a "liberal approach to pleading" and a "clear preference . . . for merits-based decision making." *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 344-45 (3d Cir. 2021) (alteration in original) (first quoting

*Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006); and then quoting *T Mobile Ne. LLC v. City of Wilmington*, 913 F.3d 311, 328 (3d Cir. 2019)).

The Court concludes that Broschart has shown that his Second Amended Complaint relates back to his First Amended Complaint. To start, the Second Amended Complaint sets forth claims that arise out of the conduct in the First Amended Complaint. The First Amended Complaint, which names Husqvarna AB, alleges that "Broschart was using a 'line trimmer' designed, manufactured and distributed by defendants," that "[s]aid line trimmer was not reasonably fit, suitable or safe for its intended purposed use because it failed to contain adequate warnings and instructions," and that "[Broschart] suffered severe personal injuries and disfigurement." (First Am. Compl. ¶¶ 8-10.) The Second Amended Complaint repeats these allegations almost verbatim and alleges the same failure-to-warn claim. (Second Am. Compl. ¶¶ 14, 29-30.) In other words, the "common core of operative facts" is the same between the complaints. *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004).[3]

The Court further finds that Defendants had at least constructive notice about these claims within 90 days of Broschart's filing of the original complaint. Explication of the parties' vigorous dispute on this point is necessary. Defendants argue that they could not have known about this lawsuit in the limitations period. They emphasize that the First Amended Complaint did not disclose the model number of the line trimmer; therefore, they could not have known that the injury caused by the line trimmer would have been ascribed to them. (*See* Defs.' Moving Br. 4, 13.) Defendants further contend that because the Court previously dismissed the First Amended

---

[3] To be sure, the Court rejects Defendants' argument that the complaints are materially different because Broschart's First Amended Complaint did not specify the line trimmer by model number. *See* 6A Wright & Miller, Federal Practice and Procedure § 1497 (3d ed. 2021) ("[A]mendments that do no more than restate the original claim with greater particularity or amplify the details of the transaction alleged in the preceding pleading fall within Rule 15(c)(1)(B).").

6

Complaint, "the modified claims asserted in the Second Amended Complaint constitute a materially new set of claims being asserted for the first time." (Defs.' Reply Br. 12, ECF No. 23.) In response, Broschart argues that Defendants knew about this lawsuit when he served the First Amended Complaint on Tesch, the Chief Financial Officer of Defendants. (*See* Pl.'s Opp'n Br. 9.)

The Court finds Broschart's argument persuasive. One way to establish notice between old and new parties is through identity of interests. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Garvin*, 354 F.3d at 223 (quoting *Singletary*, 266 F.3d at 197). To that end, where a company's management has actual notice of a lawsuit, courts have imputed that notice to the company itself. *See Seber v. Daniels Transfer Co.*, 618 F. Supp. 1311, 1313-14 (W.D. Pa. 1985) (finding identity of interest between company and "vice-president and chief operating officer [that] runs the day-to-day business"); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 854-55 (D. Ariz. 1999) (noting that manager who ran "day-to-day operations" is "typically deemed to have received constructive notice" of lawsuit (citations omitted)).

Here, Broschart shows that an identity of interest existed between Tesch and Defendants. Broschart served Tesch with the First Amended Complaint on November 6, 2020. Even though Defendants were not directly implicated in the First Amended Complaint, Tesch likely should have known that Defendants could have been. *See Davis v. Corr. Med. Sys.*, 480 F. Supp. 2d 754, 761 (D. Del. 2007) ("[N]otice does not require actual service of process on the party sought to be added, and notice can be actual, constructive, implied or imputed." (citing *Singletary*, 266 F.3d at 195)). Indeed, the First Amended Complaint attempted to name (albeit improperly) one of Defendants now bringing this Motion. (*See* First Am. Compl. ¶ 2.) In addition, according to his own

certification, Tesch is "the Vice President, Treasurer, and Chief Financial Officer" for Defendants. (Tesch Certif. ¶ 4.) Tesch thus very likely had knowledge of the day-to-day operations of Defendants, such that the Court can reasonably infer that Defendants had constructive knowledge of the lawsuit on November 6, 2020. *See Seber*, 618 F. Supp. at 1313; *Brink*, 57 F. Supp. 2d at 855. Worth noting, Defendants appear to have conceded as much in prior briefing. (*See* Husqvarna AB's Opp'n Mot. to Remand 12 ("[I]ndirect, independent subsidiaries of Husqvarna AB became aware of the pleading [on November 6, 2020].").)[4]

Turning to the final element, Broschart must show that Defendants knew that they would have been parties absent a mistake. The parties cite to no law to guide the Court on this point. Rather, they dispute whether Broschart had reason to know of Defendants' existence in the limitations period. (*See* Defs.' Moving Br. 14-15; Pl.'s Opp'n Br. 10-12.) Whatever the case may be, for the same reasons as above, the Court finds that Defendants knew they were proper defendants as early as November 6, 2020, and that mistake was the likely reason Broschart did not add them earlier. Notably, the First Amended Complaint mistakenly identified Husqvarna Professional Products, Inc. as another name for Husqvarna AB. (First Am. Compl. ¶ 2.) That fact should have put Tesch and others at Defendants on notice that a mistake was afoot. Especially considering that relation-back analysis ought not bleed into a merits-based inquiry, the Court finds that Broschart has sufficiently shown that the Second Amended Complaint relates back to the First Amended Complaint.

---

[4] For similar reasons, the Court rejects Defendants' argument that prejudice will ensue from imputing Tesch's notice to them. *See Sterling v. N.J. Aquarium, LLC*, No. 18-390, 2020 WL 1074809, at *8 (D.N.J. Mar. 6, 2020) (finding no prejudice for company that had actual notice 1.5 years after suit was filed where "case was still in the initial stages of discovery" and company still had "opportunity to fully participate in the discovery process").

## IV. CONCLUSION

The Court denies Defendants' Motion to Dismiss on statute-of-limitations grounds. It concludes that Broschart's Second Amended Complaint relates back to his First Amended Complaint, which was filed in the limitations period. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE